IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00141-BNB

KEVIN PONIS,

    Applicant,

v.

RAE TIMME, Warden of Fremont Correctional Facility ("Fremont"),
TOM CLEMENTS, Executive Director, Colorado Department of Corrections
    (CDOC), and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Kevin Ponis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Ponis initiated this action on January 19, 2012, by filing *pro se* a variety of documents.  These documents include an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his state court criminal conviction and sentence.  The documents filed by Mr. Ponis also include a motion titled "Motion for Summary Judgment" (ECF No. 5), in which he expands upon the various claims raised in the habeas corpus application.

    In addition, Mr. Ponis filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) seeking leave to proceed *in forma pauperis*, motion for appointment of counsel (ECF No. 3), motion for a hearing (ECF No. 4), and motion titled "Motion for State to Provide Petitioner and Court With a Transcript of Prior

Proceedings." *See* ECF No. 6.  Leave to proceed *in forma pauperis* (ECF No. 2) will be denied as moot because on February 13, 2012, Mr. Ponis paid the $5.00 filing fee (ECF No. 9) for a habeas corpus action.  The motions for appointment of counsel (ECF No. 3) and for a transcript (ECF No. 6) will be denied as premature.

The Court must construe the amended application liberally because Mr. Ponis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Ponis will be ordered to file an amended application.

The Court has reviewed the various documents filed by Mr. Ponis and finds that he needs to clarify the claims for relief he intends to pursue in this action.  The operative pleading before the Court at this time is the habeas corpus application filed on January 19.  However, at the same time he filed the application, Mr. Ponis also filed a separate 695-page motion for summary judgment including exhibits that raises seven claims.  The seven claims raised in the summary judgment motion appear to be raised as three consolidated claims in the habeas corpus application.

Therefore, Mr. Ponis will be directed to file an amended application and to include in the amended application a clear and concise statement of every claim he is raising in this action challenging the validity of his conviction and sentence.  The amended application must be a single, coherent document.  The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended application.

The amended application must comply with the pleading requirements of Rule 8

of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. Ponis to go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  He must allege specific facts to support each asserted claim.  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) is denied as moot because on February 13, 2012, Mr. Ponis paid the $5.00 filing fee (ECF No. 9) for a habeas corpus action.  It is

FURTHER ORDERED that the motions for appointment of counsel (ECF No. 3), for a hearing (ECF No. 4), and for a transcript (ECF No. 6) are denied as premature.  It is

FURTHER ORDERED that Mr. Ponis file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order.  It is

FURTHER ORDERED that Mr. Ponis shall obtain the Court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Ponis fails within the time allowed to file an amended application that complies with this order as directed, the application will be denied and the action dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue at this time.

DATED February 22, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge