IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00141-BNB

KEVIN PONIS,

    Applicant,

v.

STEVE HARTLEY, Warden of Arkansas Valley Correctional Facility,
TOM CLEMENTS, Executive Director, Colorado Department of Corrections (CDOC), and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Kevin Ponis, is in the custody of the Colorado Department of Corrections. He is incarcerated currently at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Ponis has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in the District Court of Jefferson County, Colorado. He filed an amended application (ECF No. 15) on March 30, 2012. Mr. Ponis has been granted leave to proceed *in forma pauperis*.

    In an order filed on April 12, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on May 31, 2012. After requesting and obtaining an extension of time, Applicant filed a Reply on July 27, 2012.

The Court must construe liberally the Application filed by Mr. Ponis because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied in part.

## I. Background and State Court Proceedings

On January 10, 2005, Mr. Ponis was convicted by a jury of one count of sexual assault on a child by a person in a position of trust – pattern in Jefferson County District Court Case No. 04CR1488.  (Amended Application (ECF No. 15), at 2 of 23; Pre-Answer Resp., Ex. A (ECF No. 26-1), at 5 of 16).  On March 8, 2005, he was sentenced to an indeterminate prison term of eleven years to life.  (*Id.*).

The Colorado Court of Appeals affirmed Mr. Ponis' conviction on direct appeal in *People v. Ponis,* No. 05CA0810 (Colo. App. Nov. 8, 2007) (unpublished decision).  (*See* Pre-Answer Resp., Ex. C (ECF No. 26-3)).  The Colorado Supreme Court denied Applicant's request for certiorari review on September 2, 2008.  (*Id.*, Ex. D (ECF No. 26-4)).

Mr. Ponis filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b) on January 26, 2009.  (ECF No. 26-1, at 9-10 of 16). The trial court denied the motion on February 2, 2009.  (*Id.* at 9).  Applicant did not file an appeal.  (*Id.*)

Mr. Ponis filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c) on October 30, 2009.  (*Id.* at 9).  The state trial court denied the motion on December 22, 2009.  (*Id.*)  The Colorado Court of Appeals affirmed the trial court's

order in *People v. Ponis*, No. 10CA0284 (Colo. App. May 26, 2011) (unpublished decision).  (*See* Pre-Answer Resp., Ex. F (ECF No. 26-6)).  The Colorado Supreme Court denied certiorari review on January 9, 2012.  (*See* Pre-Answer Response (ECF No. 26), at 2 n.2 of 22).

Mr. Ponis initiated this action on January 19, 2012.  He asserts three claims in the amended Application, all of which include several sub-claims.

> First, Applicant claims that his trial counsel was ineffective in failing to:
>
> (a) investigate information provided to the defense by teachers, students, and coaches that Applicant reasonably believed the victim was eighteen years old;
> (b) request a special prosecutor due to an alleged conflict of interest with the District Attorney's office who was a family member of Applicant's ex-wife;
> (c) research and understand the law concerning other acts evidence and object to the admission of evidence that Applicant had a sexual relationship with two eighteen-year-old women;
> (d) object to improper jury instructions that failed to require the jury to find that the victim was both a child and under eighteen years old;
> (e) raise issues on direct appeal that would have been successful but were procedurally barred in Applicant's postconviction proceeding;
> (f) contest a government motion for the introduction of evidence;
> (g) object to unfair testimony at trial;
> (h) object to the prosecutor's questions and closing argument regarding Applicant's extra-marital affairs;
> (i) call available witnesses;
> (j) conduct any legal investigation
> (k) understand the law on key legal issues, including but not limited to, the law regarding similar acts evidence and immaterial, irrelevant evidence.

(ECF No. 15, at 13-17 of 23).

In claim two, Mr. Ponis asserts that he was denied his due process right to a fair trial by:

> (a) the admission of testimony from two women with whom Applicant had a sexual relationship when they were eighteen years old;
> (b) the prosecutor's emphasis of Applicant's prior sexual relationships in closing argument;

3

  (c) improper jury instructions that failed to require the jury to find that the victim was a child;
  (d) a conflict of interest that resulted in a vindictive prosecution;
  (e) the prosecutor's questions and arguments regarding Applicant's infidelity with his wife.

(ECF No. 15, at 13-14, 17-19 of 23).

  For his third claim, Mr. Ponis challenges:

  (a) his life sentence as disproportionate to his crime, in violation of the Eighth Amendment;
  (b) the constitutionality of Colorado's position of trust statute, COLO. REV. STAT. (C.R.S.) § 18-3-405.3, under the First, Eighth and Fourteenth Amendments;
  (c) the constitutionality of Colorado's Sex Offender Lifetime Supervision Act of 1998 (SOSA), § 18-1.3-1002, *et al.*, C.R.S., under the First, Eighth and Fourteenth Amendments.

(*Id.* at 13-14, 19-22 of 23).

## II. Timeliness of Application

  Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (*See* ECF No. 26, at 6-7 of 22).

## III. Exhaustion of State Remedies and Procedural Default

  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

4

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's

*pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## A. Claim One

### 1. Claims 1(a) - 1(d)

Respondents concede, and the portions of the state court record attached to the Pre-answer Response reflect, that Applicant presented claims 1(a), 1(b), 1(c) and 1(d) to the Colorado Court of Appeals as federal constitutional claims in his state post-conviction proceeding. (*See* ECF No. 26-5, at 19-27 of 36; ECF No. 26-6, at 6-7 of 14). Respondents maintain, however, that claims 1(b) and 1(d) are not exhausted because they were not presented to the Colorado Supreme Court in Applicant's petition for certiorari review. (*See* Ex. G to Pre-Answer Resp. (ECF No. 26-7)).

As previously stated, in order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be

>    required to petition for rehearing and certiorari following an
>    adverse decision of the Court of Appeals in order to be
>    deemed to have exhausted all available state remedies
>    respecting a claim of error.  Rather, when a claim has been
>    presented to the Court of Appeals or Supreme Court, and
>    relief has been denied, the litigant shall be deemed to have
>    exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  The Court agrees with the analyses in these cases and other courts in the District of Colorado, *see, e.g.*, *Krogstad v. Leyba*, No. 07-cv-01074-PAB, KMT, 2010 WL 420043, at *5 (D. Colo. Feb. 1, 2010) (unpublished), and rejects Respondents' argument that Mr. Ponis failed to exhaust claims 1(b) and 1(d) because they were not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claims were presented to the Colorado Court of Appeals. Therefore, the Court finds that claims 1(a), 1(b), 1(c) and 1(d) are exhausted because they were fairly presented to the Colorado Court of Appeals as federal constitutional claims.

   **2.  Claims 1(e) through 1(k)**

Respondents argue that Mr. Ponis failed to raise claims 1(e), 1(f), 1(g), 1(h), 1(i), 1(j) and 1(k) to the Colorado Court of Appeals on direct appeal or in his state post-conviction proceeding to the extent these claims challenge matters other than those raised in claims 1(a) through 1(d). Respondents thus maintain that Mr. Ponis has committed an anticipatory procedural default of those claims.

The Court's review of Applicant's Opening Brief on direct appeal reflects that Mr. Ponis did raise the issues presented in claims 1(f), 1(g), 1(i), 1(j) and 1(k) to the state appellate court in his post-conviction proceeding. (*See* ECF No. 26-5, at 16, 19-21 of 36). The Court finds, however, that the issues raised in claims 1(f), 1(g), 1(i), 1(j) and 1(k) appear to be duplicative of the issues raised in claims 1(a) through 1(d). To the extent the grounds are not duplicative, Mr. Ponis failed to articulate a separate basis for each of those claims in his opening brief to the Colorado Court of Appeals so as to satisfy the exhaustion requirement. *See Committee for Better Health Care v. Meyer,* 830 P.2d 884, 890 (Colo. 1992) (appellant must do more than merely assert error in a vague and unexplained fashion); *Cherry Creek Aviation, Inc. v. City of Steamboat*, 958 P.2d 515, 523 (Colo. App.1998) (declining to address issue not properly framed by appellant).

Furthermore, according to Applicant, claim 1(e) was presented to the Colorado Court of Appeals in a Reply brief. (ECF No. 31, at 4 of 26). Pursuant to Colorado law, claims presented for the first time in a Reply brief are not considered by the state appellate court. *See People v. Czemerynski,* 786 P.2d 1100, 1094-95 (Colo. 1990) (issues not raised in an appellant's opening brief will not be considered when raised for the first time in the reply brief); *People v. Dubois*, 216 P.3d 27, 28 (Colo. App. 2007).

8

As such, Applicant failed to exhaust state remedies for claim 1(e).  *See generally Castille v. Peoples,* 489 U.S. 346, 351 (1989) (If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation.") (internal quotation marks and citations omitted).

Finally, in claim 1(h), Applicant asserts that counsel was ineffective in failing to object to the prosecutor's questions and closing argument regarding Applicant's extra-marital affairs.  The issue concerning counsel's failure to object to the prosecution's questions concerning Applicant's extra-marital affairs appears to be duplicative of claim 1(c).  Again, to the extent Applicant intended to assert a separate claim, he failed to state a distinct basis for it in his opening brief to the Colorado Court of Appeals and thus has not satisfied the exhaustion requirement.  See *Committee for Better Health Care,* 830 P.2d at 890; *Cherry Creek Aviation, Inc.*, 958 P.2d at 523.  With regard to the latter part of claim 1(h), the Court finds that Applicant did not fairly present this claim to the Colorado Court of Appeals.  The issue was not raised as an ineffective assistance of counsel claim in his opening brief and therefore did not alert the state appellate court to the federal basis for the claim.  *See Duncan*, 513 U.S. at 365-66.

If Applicant attempted to raise claims 1(e),1(f), 1(g), 1(h), 1(i), 1(j) and 1(k) in a state post-conviction proceeding at this time, his claims would be barred as successive.  The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Ponis' claims.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (The court shall deny any claim that was raised or that could

9

have been raised in an appeal or prior postconviction proceeding); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted). The Court finds that Mr. Ponis has committed an anticipatory procedural default of claims 1(e), 1(f), 1(g), 1(h), 1(i), 1(j) and 1(k) in the state courts. Moreover, Mr. Ponis does not state any facts to meet the cause and prejudice standard or the fundamental miscarriage of justice exception. Applicant therefore is procedurally barred from raising claims 1(e), 1(f), 1(g), 1(h), 1(i), 1(j) and 1(k) in this federal habeas action.

**B.  Claim Two**

Respondents next maintain that Mr. Ponis has procedurally defaulted the issues raised in claim two because the Colorado Court of Appeals declined to address the allegations in Applicant's state post-conviction proceeding pursuant to a state procedural rule.

**1.  Claims 2(a) - 2(c)**

Applicant argued in his state post-conviction proceeding that his constitutional right to a fair trial was violated when: the district court erred in allowing irrelevant and highly prejudicial testimony concerning his extra-marital affairs; the prosecutor engaged in misconduct when he argued in closing that Applicant was likely to have committed

the offense because he engaged in an extra-marital affair when his wife was pregnant; and, the jury instructions failed to define all of the elements of the offense. (*See* ECF No. 26-5 at 10-18, 27-30 of 36). These are the same allegations raised in claims 2(a), 2(b), and 2(c).

With regard to these claims, the state appellate court determined:

### B.  Barred Claims

Subject to certain exceptions not relevant here, Crim. P. 35(c)(3)(VII) requires the district court to "deny any claim that could have been presented in an appeal previously brought." These procedural bars are automatic. *See People v. Versteeg*, 165 P.3d 760, 763 (Colo. App. 2006).

Defendant's conviction was affirmed on direct appeal. Each of [Applicant's] remaining claims could have been brought in that direct appeal. See *People v. Canody*, 166 P.3d 218, 221 (Colo. App. 2007)(evidentiary rulings not properly raised in postconviction proceedings); *People v. Gallegos*, ___ P.3d ___, ___ (Colo. App. No. 07CA0125, Mar. 4, 2010)(instructional error reviewed on direct appeal); see also Crim. P. 35(c)(3)(VII)(c) (only those claims "based on a new rule of constitutional law that was previously unavailable" may be raised for the first time in a motion for postconviction relief) (emphasis added). Thus, the trial court properly denied them.

(ECF No. 26-6, at 12-13 of 14).

The United States Court of Appeals for the Tenth Circuit has held in unpublished decisions that Colo. Crim. P. Rule 35(c)(3)(VII) is an adequate and independent state ground for rejection of post-conviction claims. *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 453, 454-55 (10th Cir. Aug. 4, 2009) (unpublished); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished). Accordingly, the Court finds that Mr. Ponis has procedurally defaulted claims 2(a), 2(b), 2(c) and 2(d) in the state courts pursuant to a state procedural rule.

11

Mr. Ponis argues in his Reply that his procedural default was caused by the ineffective assistance of appellate counsel–the same attorney who represented Applicant at trial.  The ineffective assistance of appellate counsel can constitute external cause to excuse a procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  However, a habeas petitioner must first present a separate and independent claim of ineffective assistance of appellate counsel to the state courts.  *Id.* ("[W]e think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (quoting *Rose v. Lundy*, 455 U.S. 509, 518, (1982)).  Here, Mr. Ponis asserted allegations that appellate counsel had been ineffective for the first time in his Reply brief.  (ECF No. 31, at 4 of 26).  The Colorado Court of Appeals did not address the argument, presumably because it was not raised in Applicant's opening brief.  *See Czemerynski,* 786 P.2d at 1094-95.  The Court finds that Applicant did not fairly present an ineffective assistance of counsel claim to the Colorado Court of Appeals because he raised the claim in a procedurally improper manner.  As such, he cannot rely on the ineffective assistance of appellate counsel to excuse his procedural default.

Mr. Ponis further contends in his Reply brief that claims 2(a) - 2(c) should go forward because the Colorado Court of Appeals decided the claims on the merits when it addressed them in the context of Applicant's ineffective assistance of counsel claims. (ECF No. 31, at 8).  However, "mere similarity of claims is insufficient to exhaust."

12

*Duncan*, 513 U.S. at 366. To exhaust the factual basis for an ineffective assistance of counsel claim as an independent constitutional violation, a prisoner must raise the claim separately. *See White v. Mitchell*, 431 F.3d 517, 525-26 (6th Cir. 2005) (claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that prosecution improperly excluded women from the jury under *Batson*); *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (claim that confession was involuntary was not exhausted by claim that counsel was ineffective for failing to seek suppression of confession). Accordingly, the Court finds that claims 2(a), 2(b) and 2(c) are procedurally barred.

### 2. Claim 2(d) and 2(e)

Applicant asserted the substance of claim 2(d) in his opening brief in the state post-conviction proceeding as one ground supporting his ineffective assistance of counsel claim. But he did not present it to the state appellate court as a free-standing constitutional claim. (*See* ECF No. 26-5, at 20-24 of 36). As such, the claim is not exhausted. *See Duncan*, 513 U.S. at 366; *White*, 431 F.3d at 525-26; *Rose*, 395 F.3d at 1112.

Claim 2(e) appears to be duplicative of the other issues raised in claim 2. To the extent it is not duplicative, Applicant has not articulated a separate basis for the claim sufficient to satisfy the exhaustion requirement. *See Committee for Better Health Care,* 830 P.2d at 890; *Cherry Creek Aviation, Inc.*, 958 P.2d at 523.

If Mr. Ponis attempted to exhaust state remedies for claims 2(d) and 2(e) at this time, the claims would be dismissed as successive. *See* Colo. R. Crim. P. 35(c)(3)(VII). As such, claims 2(d) and 2(e) are procedurally barred and Applicant has failed to

13

demonstrate that the cause and prejudice or fundamental miscarriage of justice exceptions apply to excuse his procedural default.

Accordingly, claims 2(a), 2(b), 2(c), 2(d) and 2(e) will be dismissed as procedurally barred.

**C.    Claim Three**

Respondents argue that Mr. Ponis failed to exhaust his constitutional challenge to the SOSA because he did not present that claim on direct appeal or in the state post-conviction proceeding.  (*See generally* ECF Nos. 26-2, 26-6).  Respondents thus contend that Applicant has committed an anticipatory procedural default of the claim. Respondents further maintain that Mr. Ponis procedurally defaulted his constitutional challenge to Colorado's position of trust statute in the state post-conviction proceeding because the Colorado Court of Appeals rejected the claim pursuant to a state procedural rule.  (*See* ECF No. 26-6, at 30-35 of 36).

As an initial matter, Respondents fail to address Mr. Ponis' allegation in claim 3(a) that his life sentence is disproportionate to his crime, in violation of the Eighth Amendment.  (*See* ECF No. 15, at 20 of 23).  Applicant raised this allegation on direct appeal of his conviction.  (*See* ECF No. 26-2, at 35-44 of 52).  The Court finds that Applicant's challenge to his life sentence on constitutional grounds–claim 3(a)–was exhausted in the state courts.

Mr. Ponis raised the basis for claim 3(b)–challenging the constitutionality of Colorado's position of trust statute–to the Colorado Court of Appeals in his state post-conviction proceeding.  (*See* ECF No. 26-5, at 30-35 of 36).  However, the state appellate court determined that the claim was procedurally barred because it should

14

have been raised on direct appeal.  (*See* ECF No. 26-6, at 12-14 of 14).  As discussed previously, Colo. Crim. P. Rule 35(c)(3)(VII) is an adequate and independent state ground for rejection of post-conviction claims.  *See Burton*, 340 F. App'x at 454-55; *Williams*, 331 F. App'x at 563.  Accordingly, the Court finds that Mr. Ponis has procedurally defaulted claim 3(b) in the state courts pursuant to a state procedural rule.  Again, Mr. Ponis cannot rely on the ineffective assistance of appellate counsel to excuse his procedural default because he failed to present an ineffective assistance of appellate counsel claim to the state appellate court in a procedurally proper manner.  *See Murray*, 477 U.S. at 488-89; *Czemerynski,* 786 P.2d at 1094-95.

Furthermore, the Court's independent review of the state court documents submitted by Respondents confirms that Mr. Ponis did not present claim 3(c)–challenging the constitutionality of the SOSA–to the Colorado Court of Appeals on direct appeal or in his state post-conviction proceeding.  If he attempted to present the claim to the state courts at this time, it would be procedurally barred under Colo. Crim. P. 35(c)(3)(VII) as successive.  Mr. Ponis has not met the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default.  He therefore is procedurally barred from raising claims 3(c) in this federal habeas action.  Accordingly, it is

ORDERED that claims 1(e), 1(f), 1(g), 1(h), 1(i), 1(j) and 1(k), 2(a), 2(b), 2(c), 2(d), 2(e), 3(b) and 3(c) are dismissed as procedurally barred.  It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims 1(a), 1(b), 1(c), 1(d), and 3(a).  It is

16

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this   7th   day of    August    , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

16